# UNITED STATES DISTRICT COURT

### EASTERN DISTRICT OF CALIFORNIA

DONN RICHARDSON,

      Plaintiff,

     v.

MEDINA, *et al.*,

      Defendants.

Case No.  1:25-cv-01345-BAM (PC)

ORDER GRANTING IN PART PLAINTIFF'S MOTION FOR EXTENSION OF TIME TO FILE AMENDED COMPLAINT

(ECF No. 7)

**THIRTY (30) DAY DEADLINE**

Plaintiff Donn Richardson ("Plaintiff") is a state prisoner proceeding *pro se* in this civil rights action pursuant to 42 U.S.C. § 1983.  On April 8, 2026, the Court screened Plaintiff's complaint and granted him leave to amend his complaint to cure the identified deficiencies within 30 days.  (ECF No. 6.)

Currently before the Court is Plaintiff's motion for a sixty-day extension of time to respond to the Court's order, filed May 12, 2026.  (ECF No. 7.)  Plaintiff states that the 60-day extension will be for him to properly/thoroughly go over the deficiencies identified by the Court. He further states that inmates are only allowed one day each week to attend the law library and, if they are on lockdown, then it will be no movement or library.  (*Id.*)

Having considered the motion, the Court finds good cause to grant, in part, the requested extension of time.  Fed. R. Civ. P. 6(b).  However, the Court finds that an extension of thirty days, rather than sixty, is reasonable under the circumstances.

1

Plaintiff is reminded that his first amended complaint should be brief, Fed. R. Civ. P. 8(a), but it must state what each named defendant did that led to the deprivation of Plaintiff's constitutional rights, *Ashcroft v. Iqbal*, 556 U.S. 662, 678–79 (2009).  Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . ." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations omitted).

Additionally, Plaintiff may not change the nature of this suit by adding new, unrelated claims in his first amended complaint.  *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).

Finally, Plaintiff is advised that an amended complaint supersedes the original complaint. *Lacey v. Maricopa Cty.*, 693 F.3d 896, 927 (9th Cir. 2012).  Therefore, Plaintiff's amended complaint must be "complete in itself without reference to the prior or superseded pleading." Local Rule 220.

Accordingly, it is HEREBY ORDERED that:

1.  Plaintiff's motion for extension of time, (ECF No. 7), is GRANTED IN PART;

2.  The Clerk's Office shall send Plaintiff a complaint form;

3.  Within **thirty (30) days** from the date of service of this order, Plaintiff shall file a first amended complaint curing the deficiencies identify by the Court in it April 8, 2026 screening order (or file a notice of voluntary dismissal); and

4.  If Plaintiff fails to comply with this order, then the Court will recommend dismissal of this action, with prejudice, for failure to obey a court order and for failure to state a claim.

IT IS SO ORDERED.

Dated:   **May 25, 2026**                     /s/ *Barbara A. McAuliffe*
                                                  UNITED STATES MAGISTRATE JUDGE

2