# UNITED STATES DISTRICT COURT

### EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DONN RICHARDSON, | Case No. 1:25-cv-01345-BAM (PC) |
| Plaintiff, | ORDER DIRECTING CLERK OF COURT TO RANDOMLY ASSIGN DISTRICT JUDGE TO ACTION |
| v. | |
| MEDINA, *et al.*, | FINDINGS AND RECOMMENDATIONS REGARDING DISMISSAL OF ACTION |
| Defendants. | (ECF No. 9) |
| | **FOURTEEN (14) DAY DEADLINE** |

Plaintiff Donn Richardson ("Plaintiff") is a state prisoner proceeding *pro se* in this civil rights action pursuant to 42 U.S.C. § 1983.  On April 8, 2026, the Court screened Plaintiff's complaint and granted him leave to amend.  (ECF No. 6.)  Plaintiff's first amended complaint, filed on June 15, 2026, is currently before the Court for screening.  (ECF No. 9.)

I.      **Screening Requirement and Standard**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity and/or against an officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  Plaintiff's complaint, or any portion thereof, is subject to dismissal if it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. §§ 1915A(b);

1

1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences." *Doe I v. Wal-Mart Stores, Inc.*, 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).

To survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged. *Iqbal*, 556 U.S. at 678 (quotation marks omitted); *Moss v. U.S. Secret Serv.,* 572 F.3d 962, 969 (9th Cir. 2009). The sheer possibility that a defendant acted unlawfully is not sufficient, and mere consistency with liability falls short of satisfying the plausibility standard. *Iqbal*, 556 U.S. at 678 (quotation marks omitted); *Moss*, 572 F.3d at 969.

## II.     Plaintiff's Allegations

Plaintiff is currently housed at Salinas Valley State Prison. The events in the amended complaint are alleged to have occurred while Plaintiff was housed at Kern Valley State Prison. Plaintiff names the following defendants in their individual and official capacities: (1) Carlos Medina; (2) Robert Arreola; and (3) Lorenzo Felix.

Plaintiff claims that he underwent a battery/assault by four inmates that was promoted, planned, and orchestrated by Lorenzo Felix, Carlos Medina, and Robert Arreola. Plaintiff alleges:

On November 18, 2023, Plaintiff was in his cell when C/O Tower Felix, Medina, and Arreola allowed all four inmates out of their cells 3-4 hours prior to coming into Plaintiff's cell and attacking him. All three correctional officers had prior knowledge of the attack/battery, but failed to protect him. All four inmates told all three correctional officers of their plan to come into Plaintiff's cell to attack him. The correctional officers' body camera will prove this.

Once he was transported to the ASU holding cage, he was left there without any restroom

breaks or food for over ten hours.  Plaintiff claims inmates are only allowed two hours max in a holding cage.

Correctional Officers Medina, Felix, and Arreola were responsible for packing missing property under CA Title 15.3193.Liability.  Plaintiff wrote/filed grievances against said defendants.  He exhausted all of his administrative remedies.

Plaintiff seeks declaratory and injunctive relief, along with compensatory and punitive damages.

### III.    Discussion

#### A.  Federal Rule of Civil Procedure 8

Pursuant to Federal Rule of Civil Procedure 8, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678 (citation omitted). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570, 127 S.Ct. at 1974). While factual allegations are accepted as true, legal conclusions are not. *Id.*; *see also Twombly*, 550 U.S. at 556–557.

Plaintiff's amended complaint is short, but it is not a plain statement of his claims. Plaintiff's allegations are disjointed, and the Court is unable to clearly determine what happened, particularly with regard to the alleged assault/battery and the packing of his property.  In certain instances, Plaintiff has failed to allege what each named defendant did or did not do that resulted in a violation of his rights.  For example, Plaintiff's allegations that defendants were responsible for packing missing personal property and that Plaintiff wrote grievances against them are not sufficient .  Plaintiff's conclusory statements without factual support do not meet the Rule 8 standard.

#### B.  Official Capacity

Plaintiff cannot pursue claims for monetary damages against KVSP or defendants in their official capacities.  "The Eleventh Amendment bars suits for money damages in federal court

3

against a state, its agencies, and state officials acting in their official capacities." *Aholelei v. Dep't of Public Safety*, 488 F.3d 1144, 1147 (9th Cir. 2007).  Indeed, the Eleventh Amendment prohibits federal courts from hearing a Section 1983 lawsuit in which damages or injunctive relief is sought against a state, its agencies (such as CDCR) or individual prisons, absent "a waiver by the state or a valid congressional override. . . ." *Dittman v. California*, 191 F.3d 1020, 1025 (9th Cir. 1999).  "The Eleventh Amendment bars suits which seek either damages or injunctive relief against a state, 'an arm of the state,' its instrumentalities, or its agencies." *See Fireman's Fund Ins. Co. v. City of Lodi, Cal.*, 302 F.3d 928, 957 n.28 (9th Cir. 2002) (internal quotation and citations omitted), cert. denied, 538 U.S. 961 (2003).  "The State of California has not waived its Eleventh Amendment immunity with respect to claims brought under § 1983 in federal court. . . ." *Dittman*, 191 F.3d at 1025–26 (citing *Atascadero State Hosp. v. Scanlon*, 473 U.S. 234, 241 (1985)); *see also Brown v. Cal. Dep't. of Corrs.*, 554 F.3d 747, 752 (9th Cir. 2009) (finding California Department of Corrections and California Board of Prison Terms entitled to Eleventh Amendment immunity).

### C. Eighth Amendment

#### 1. Failure to Protect

The Eighth Amendment requires that prison officials take reasonable measures to guarantee the safety of prisoners. *Farmer*, 511 U.S. at 832. In particular, prison officials have a duty to protect prisoners from violence at the hands of other prisoners. *Id.* at 833; *Cortez v. Skol*, 776 F. 3d 1046, 1050 (9th Cir. 2015); *Hearns v. Terhune*, 413 F.3d 1036, 1040 (9th Cir. 2005); *Hoptowit v. Ray*, 682 F.2d 1237, 1250 (9th Cir. 1982); *Gillespie v. Civiletti*, 629 F.2d 637, 642 & n.3 (9th Cir. 1980).

The failure of prison officials to protect inmates from attacks by other inmates or from dangerous conditions at the prison violates the Eighth Amendment when two requirements are met: (1) the deprivation alleged is, objectively, sufficiently serious; and (2) the prison official is, subjectively, deliberately indifferent to inmate health or safety. *Farmer*, 511 U.S. at 834. A prison official is deliberately indifferent if he knows of and disregards an excessive risk to inmate health or safety by failing to take reasonable steps to abate it. *Id.* at 837.

4

A prisoner may state a § 1983 claim under the Eighth Amendment against prison officials only where the officials acted with "deliberate indifference" to the threat of serious harm or injury to an inmate by another prisoner, *Berg v. Kincheloe*, 794 F.2d 457, 459 (9th Cir. 1986); *see also Valandingham v. Bojorquez*, 866 F.2d 1135, 1138 (9th Cir. 1989) (deliberately spreading rumor that prisoner is snitch may state claim for violation of right to be protected from violence while in state custody), or by physical conditions at the prison. The official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference. *See Farmer*, 511 U.S. at 837. Mere negligent failure to protect an inmate from harm is not actionable under Section 1983. *See Farmer*, 511 U.S. at 835.

Plaintiff's allegations that Defendants let four inmates out of their cells 3-4 hours before they came into Plaintiff's cell and attacked him and that the inmates told defendants of their plan are not sufficient to state a cognizable claim for failure to protect.  Plaintiff's allegations are conclusory at best and suggest negligence, which is not actionable.  Plaintiff fails to demonstrate that Defendants knew that the four inmates would attack Plaintiff 3-4 hours after being let out of their cells.  Plaintiff also fails to allege the circumstances surrounding the attack, including how the inmates were able to enter Plaintiff's cell.  Plaintiff does not allege that Defendants allowed the inmates into his cell.

### 2.  Conditions of Confinement

The Eighth Amendment protects prisoners from inhumane methods of punishment and from inhumane conditions of confinement.  *Farmer*, 511 U.S. at 832; *Morgan v. Morgensen*, 465 F.3d 1041, 1045 (9th Cir. 2006).  Thus, no matter where they are housed, prison officials have a duty to ensure that prisoners are provided adequate shelter, food, clothing, sanitation, medical care, and personal safety.  *Johnson v. Lewis*, 217 F.3d 726, 731 (9th Cir. 2000) (quotation marks and citations omitted).  To establish a violation of the Eighth Amendment, the prisoner must "show that the officials acted with deliberate indifference . . ." *Labatad v. Corrs. Corp. of Amer.*, 714 F.3d 1155, 1160 (9th Cir. 2013) (citing *Gibson v. Cty. of Washoe*, 290 F.3d 1175, 1187 (9th Cir. 2002)).

The deliberate indifference standard involves both an objective and a subjective prong.

First, the alleged deprivation must be, in objective terms, "sufficiently serious." *Farmer*, 511 U.S. at 834. Second, subjectively, the prison official must "know[ ] of and disregard[ ] an excessive risk to inmate health or safety." *Id.* at 837; *Anderson v. County of Kern*, 45 F.3d 1310, 1313 (9th Cir. 1995). The circumstances, nature, and duration of the deprivations are critical in determining whether the conditions complained of are grave enough to form the basis of a viable Eighth Amendment claim. *Johnson*, 217 F.3d at 731.

Temporary placement in administrative segregation or a holding cell has been found not to rise to the level of a constitutional violation. *See Stafford v. Doss*, No. 2:16-CV-1403-JAM-DMC, 2021 WL 3563490, at *12 (E.D. Cal. Aug. 12, 2021) (four hours in temporary holding cell did not rise to level of Eighth Amendment violation), report and recommendation adopted, 2021 WL 4356036 (E.D. Cal. Sept. 24, 2021); *see also Anderson*, 45 F.3d 1310, as amended, 75 F.3d 448 (9th Cir. 1995) (placement in administrative segregation for "most of the day" did not satisfy objective prong of Eighth Amendment).

Plaintiff fails to state a conditions of confinement claim. Plaintiff alleges that he was placed in a holding cage for over ten hours. Plaintiff has not alleged a serious condition violative of the Eighth Amendment by this temporary placement. *Anderson*, 45 F.3d at 1315 (no constitutional violation for placement in safety cages where plaintiffs had not shown that sanitary limitations imposed upon them were more than temporary); *Chiprez v. Warden*, No.1:21-cv-00668-DAD-BAM (PC), 2021 WL 3662390, at *3 (E.D. Cal. Aug. 18, 2021), report and recommendation adopted sub nom. *Chiprez v. Warden*, No. 1:21-cv-00668-DAD-BAM PC, 2021 WL 4192035 (E.D. Cal. Sept. 15, 2021), aff'd, No. 21-16588, 2022 WL 4298143 (9th Cir. Sept. 19, 2022) ("Temporary deprivations of sanitation, water, and shelter that last only a short amount of time and do not pose a serious threat of harm to the prisoner do not give rise to deprivations that are sufficiently serious to support an Eighth Amendment claim.").

### D. Fourteenth Amendment - Property

Prisoners have a protected interest in their personal property. *Hansen v. May,* 502 F.2d 728, 730 (9th Cir. 1974). An authorized, intentional deprivation of property is actionable under the Due Process Clause. *See Hudson v. Palmer*, 468 U.S. 517, 532 n.13 (1984) (citing *Logan v.*

6

*Zimmerman Brush Co.*, 455 U.S. 422, 435–36 (1982)); *Quick v. Jones,* 754 F.2d 1521, 1524 (9th Cir. 1985). However, "an unauthorized intentional deprivation of property by a state employee does not constitute a violation of the procedural requirements of the Due Process Clause of the Fourteenth Amendment if a meaningful postdeprivation remedy for the loss is available." *Hudson*, 468 U.S. at 533.

Plaintiff alleges that Defendants were responsible for packing his missing personal property. As this allegation suggests conduct that was an unauthorized deprivation of property, due process is satisfied if there is a meaningful post-deprivation remedy available to Plaintiff. *Hudson*, 468 U.S. at 533. Plaintiff has an adequate post-deprivation remedy available under California law. *Barnett v. Centoni,* 31 F.3d 813, 816–17 (9th Cir. 1994) (citing Cal. Gov't Code §§ 810–95). Therefore, Plaintiff fails to allege a cognizable due process claim for the alleged missing property.

### E. Declaratory Relief

To the extent Plaintiff's complaint seeks a declaratory judgment, it is unnecessary. "A declaratory judgment, like other forms of equitable relief, should be granted only as a matter of judicial discretion, exercised in the public interest." *Eccles v. Peoples Bank of Lakewood Village*, 333 U.S. 426, 431 (1948). "Declaratory relief should be denied when it will neither serve a useful purpose in clarifying and settling the legal relations in issue nor terminate the proceedings and afford relief from the uncertainty and controversy faced by the parties." *United States v. Washington*, 759 F.2d 1353, 1357 (9th Cir. 1985). If this action reaches trial and the jury returns a verdict in favor of Plaintiff, then that verdict will be a finding that Plaintif's constitutional rights were violated. Accordingly, a declaration that any defendant violated Plaintiff's rights is unnecessary.

### F. Injunctive Relief

Insofar as Plaintiff seeks injunctive relief, any such request is now moot. Plaintiff is no longer housed at Kern Valley State Prison, where he alleges the incidents at issue occurred. Therefore, any injunctive relief he seeks against the officials at Kern Valley State Prison is moot. *See Andrews v. Cervantes*, 493 F.3d 1047, 1053 n.5 (9th Cir. 2007) (prisoner's claims for

7

injunctive relief generally become moot upon transfer) (citing *Johnson v. Moore*, 948 F.2d 517, 519 (9th Cir. 1991) (per curiam) (holding claims for injunctive relief "relating to [a prison's] policies are moot" when the prisoner has been moved and "he has demonstrated no reasonable expectation of returning to [the prison]")).

### IV.   Conclusion and Order

Plaintiff's amended complaint fails to comply with Federal Rule of Civil Procedure 8 and fails to state a cognizable claim under 42 U.S.C. § 1983.  Despite being provided with the relevant pleading and legal standards, Plaintiff has been unable to cure the deficiencies.  Further leave to amend is not warranted.  *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000).

Accordingly, the Court HEREBY DIRECTS the Clerk of the Court to randomly assign a district judge to this action.

Further, for the reasons stated above, it is HEREBY RECOMMENDED that this action be dismissed for failure to state a cognizable claim upon which relief may be granted.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1).  Within **fourteen (14) days** after being served with these Findings and Recommendations, Plaintiff may file written objections with the court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  **Objections, if any, shall not exceed fifteen (15) pages or include exhibits.  Exhibits may be referenced by document and page number if already in the record before the Court.  Any pages filed in excess of the 15-page limit may not be considered.**  Plaintiff is advised that failure to file objections within the specified time may result in the waiver of the "right to challenge the magistrate's factual findings" on appeal.  *Wilkerson v. Wheeler*, 772 F.3d 834, 838–39 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   __**June 18, 2026**__                __/s/ Barbara A. McAuliffe__

UNITED STATES MAGISTRATE JUDGE